USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/16/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JUAN RIVERA ESCALANTE,

                            Petitioner,

-against-

WILLIAM CONNOLLY, Superintendent
Fishkill Correctional Facility,

                            Respondent.

-----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

10 Civ. 6288 (KMK)(GAY)

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

Petitioner Juan Rivera Escalante ("petitioner" or "Escalante") has filed a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his judgment of conviction, upon his guilty plea, for the crime of possession of a controlled substance in the third degree. For the reasons set forth below, I respectfully recommend that the Court dismiss the petition in its entirety.

## I. PROCEDURAL HISTORY

On November 27, 2006, petitioner and co-defendants Americo Martinez, Angel Thevenin, Jose Martinez, Wilson Nunez, Adalgisa Baez, Nelson Severino, and Bienvenido Matos-Lopez were arrested in Hartsdale, New York, on felony drug related charges. Respondent's Affidavit in Opposition to Petition for a Writ of Habeas Corpus (hereinafter "Resp't Aff."), at 1. These arrests stem from "a joint investigation by national, state, and local law enforcement agencies into the operation of a large scale 'heroin mill'" operating out of Hartsdale, New York. Respondent's Memorandum of Law

Copies mailed / ~~handed~~ / ~~faxed~~ to ~~counsel~~ Plaintiff 5/16/13

(hereinafter "Resp't Memo."), at 1. Based on information obtained from a confidential informant, law enforcement agencies set up surveillance at 25 Lytton Avenue, Hartsdale, New York ("the residence"). Resp't Aff. at 1. Codefendant Thevenin was observed exiting the residence with a bag. Id. Law enforcement followed Thevenin to an address in the Bronx, where he met with another individual. Id. at 2. Law enforcement officers stopped Thevenin and the other individual; and recovered approximately 60,000 glassine envelopes containing approximately 4 kilos of heroin that were packaged for sale on the streets. Id.

Subsequently, law enforcement officers observed petitioner and other individuals make a hasty exit from the residence in a Honda minivan. Id. The officers stopped and secured the van. Id. Officers obtained and executed a search warrant at the residence. Id. The search of the residence revealed "a large scale 'heroin mill' capable of producing thousands of glassines of heroin." Id. A bedroom in the residence was used for packaging and production while the basement was used for storing the heroin byproducts. Id. Approximately one ounce of heroin was recovered from the residence. Id. Petitioner and the others were arrested and charged with criminal possession of a controlled substance in the first degree, a class A felony. Id. at 2-3; Resp't Memo. at 1.

At the time of his arrest, petitioner had been convicted in two other offenses in New York County and Bronx County under the name Jose Rodriguez. Resp't Aff. at 2. On November 3, 1997, petitioner was convicted, upon jury verdict, of criminal possession of a weapon in the third degree in Bronx County. Id. at 2-3. Petitioner failed to appear for his sentencing. Id. at 3. On April 30, 1998, a bench warrant was issued in the case. On January 30, 1998 in New York County, petitioner was convicted, upon his

guilty plea, of criminal possession of a controlled substance in the third degree. Id. Petitioner again failed to appear for his sentencing and on May 14, 1998, a bench warrant was issued in the case. Id.

On June 20, 2007, petitioner was charged in a superseding felony complaint with criminal possession of a controlled substance in the third degree. He waived his right to indictment and consented to being prosecuted by superior court information. Resp't Memo. at 1; Resp't Aff. at 3. Following a *voir dire*, petitioner pled guilty to the crime of criminal possession of a controlled substance in the third degree. See Resp't Memo., Exh. 1[1]; Exh. 2 at 26, 27. At the time of the plea allocution, the trial court (Cacace, J.) promised petitioner a sentence of six years of imprisonment and two years post-release supervision. Exh. 2 at 8, 28. The court advised petitioner that the maximum sentence for the class B felony of criminal possession of a controlled substance in the third degree was nine years. Id. at 27. In addition, the court stated that the sentence would run concurrent with the sentences to be imposed upon petitioner's convictions in Bronx County and New York County. Id. at 8-9, 28-29.

On August 15, 2007, petitioner appeared with his retained counsel, Calvin Garber, Esq. ("Atty. Garber"), for sentencing. Resp't Memo. at 2. Atty. Garber requested an adjournment of petitioner's sentencing because petitioner had not been sentenced in Bronx and New York Counties. Id. The court granted the request for adjournment and adjourned petitioner's sentencing until October 3, 2007. Id.

On October 3, 2007, petitioner appeared with Atty. Garber for sentencing. Resp't Aff. at 5. Atty. Garber notified the court that due to petitioner's violation of the plea

---

[1] Hereinafter, all citations to "Exh. ___," unless otherwise noted, refer to exhibits attached to Respondent's Memorandum of Law.

agreement in New York County by his subsequent arrests, he has not been sentenced. Id. Atty. Garber informed the court that Bronx County had agreed to sentence petitioner to a term concurrent with his other sentences. New York County, however, had indicated an unwillingness to impose a concurrent sentence. Exh. 3 at 2-3. Atty. Garber requested an indefinite adjournment of petitioner's sentencing until such time that he was sentenced in New York County. Id. at 3. The court denied petitioner's request for an indefinite adjournment, stating that "[t]he defendant will be sentence today..." Id. The court further stated that while it was its intention to impose the promised term of imprisonment to be served concurrently with the New York County and Bronx County sentences, this was impossible because petitioner had not been sentenced in those courts. Id. at 4, 5, 6. The court sentenced petitioner to the promised six years of imprisonment with two years post-release supervision. Id. at 5-6.

Atty. Garber advised petitioner, on the record, that he had "thirty days which to file a Notice of Appeal with the Appellate Division, Second Department." Id. at 7. Further, the Court Clerk informed petitioner that he had the right to appeal the sentence that was imposed on him. Id. Petitioner was also informed that Atty. Garber would remain his attorney for the purpose of filing an appeal. Id. Petitioner did not file a notice of appeal.

Subsequent to his sentencing in Westchester County, petitioner was sentenced in Bronx County to one to three years of imprisonment to be served concurrently with his Westchester and New York County sentences. Resp't Aff. at 6. In New York County, he was sentenced to an indeterminate term of imprisonment of five to fifteen years, to be served consecutively to the Westchester County sentence. Id at 6-7.

On February 1, 2008, petitioner moved, through his counsel, to set aside his sentence pursuant to CPL §440.20, or alternatively, for an order modifying his sentence. Exh. 4. Petitioner urged the court to resentence him to a term concurrent to his New York County and Bronx County sentences, now that they have been imposed. Id. By Decision and Order dated March 28, 2008, the Westchester County Court (Cacace, J.) denied petitioner's motion, holding that pursuant to CPL §430.10, petitioner's sentence was authorized and legal; and, that since it had already commenced, it could not be changed. Exh. 6.

On April 25, 2008, petitioner filed an application for leave to appeal the denial of his CPL §440.20 motion. Exh. 7. By Decision and Order dated June 25, 2008, the Appellate Division, Second Department, denied petitioner leave to appeal the denial of his CPL §440.20 motion. Exh. 9.

On June 17, 2008, petitioner, through his counsel, filed a CPL §440.10 motion to vacate his judgment. Exh. 10. Petitioner sought to be re-sentenced to a concurrent term or, in the alternative, to withdraw his guilty plea and be restored to his pre-plea status. Id. Petitioner alleged: (1) that the court failed to advise him at the time of his plea that it would not honor the promise to sentence him to a term of imprisonment concurrent to those imposed by the New York County and Bronx County courts unless he was promptly sentenced in the other courts; (2) his plea was not knowingly, intelligently, and voluntarily entered because the court failed to advise him that it would not adjourn the sentencing in order to fulfill the promise; and thus, the court failed to meet its duty under the Due Process Clauses of the New York State and Federal Constitutions; (3) his sentence was unduly harsh and severe and constituted cruel and

unusual punishment, even though within the permissible statutory range, because it did not run concurrently as promised; and (4) in the alternative, that his attorneys rendered ineffective assistance by failing to anticipate that the trial court would deny his request for an additional adjournment of the sentencing date, failing to move to withdraw his guilty plea, and failing to advise petitioner to file a notice of appeal. Id. Petitioner also moved for leave to file a late notice of appeal pursuant to CPL §460.30. Id.

By Decision and Order dated August 5, 2008, the court denied petitioner's motion. Exh. 12. The court determined that "[a]ll the facts regarding [the] motion appear in the record of the proceedings"; therefore, the motion must be denied pursuant to CPL §440.10(2)(c). Id. The court further held that it lacked the authority to grant petitioner leave to file a late notice of appeal under CPL §460.30. Id.

On September 26, 2008, petitioner filed an application for leave to appeal the denial of his CPL §440.10 motion. Exh. 13. The Appellate Division, Second Department, denied petitioner's application for leave to appeal the denial of his CPL §440.10 motion. Exh. 15.

On September 26, 2008, petitioner also filed a motion with the Appellate Division, Second Department, seeking permission to file a late notice of appeal of his judgment of conviction pursuant to CPL §460.30. Exh. 16. By Decision and Order dated November 17, 2008 the Appellate Division, Second Department, denied petitioner's motion. Exh. 18.

On April 28, 2009, petitioner filed another CPL §440.10 motion to vacate his judgment. Exh. 19. Petitioner asserted that his sentence violated his plea agreement and that the court failed to fulfill its sentencing promise. Id. Petitioner also asserted that

his counsels were ineffective for failing to move to set aside the plea, for failing to file a late notice of appeal, and for failing to "inform [him] of proper theories of Law [sic] and consequences of [his] plea." Id. By Decision and Order dated August 12, 2009, the Westchester County Court (Zambelli, J.) denied petitioner's second CPL §440.10 motion. The court stated that CPL §440.10 (2)(c) provides that

> the court must deny a motion to vacate a judgment when . . .[a]lthough sufficient facts appear on the record of proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to raise such grounds or issue upon an appeal actually perfected by him."

Exh. 21 at 3. The court determined that "[a]ll the facts regarding [the] motion appear in the record of the proceedings." Id. The court then held that petitioner's argument that he is entitled to relief under CPL 440.10 for his counsel's failure to file a timely notice of appeal is without merit. Id. Accordingly, the court denied petitioner's motion. Id.

On September 1, 2009, petitioner filed an application for leave to appeal the court's denial of his CPL §440.10 motion. By Decision and Order dated November 19, 2010, the Appellate Division, Second Department, denied petitioner leave to appeal the denial of his motion. Exh. 24; Resp't Aff. at 13.

On August 20, 2010, petitioner filed a petition for a writ of habeas corpus in this Court. Docket entry ("Dkt.") #1. Escalante's petition challenges his conviction on the same grounds as his first CPL §440.10 motion. Specifically, petitioner alleges: (1) that the court failed to advise him at the time of his plea that it would not honor the promise to sentence him to a term of imprisonment concurrent with those imposed by the New York County and Bronx County courts unless he was promptly sentenced in the other courts; (2) his plea was not knowingly, intelligently, and voluntarily entered because the

court failed to advise him that it would not adjourn the sentencing in order to fulfill the promise; and thus, the court failed to meet its duty under the Due Process Clauses of the New York State and Federal Constitutions; (3) his sentence was unduly harsh and severe and constituted cruel and unusual punishment, even though within the permissible statutory range, because it did not run concurrently as promised; and (4) in the alternative, that his attorneys rendered ineffective assistance by failing to anticipate that the trial court would deny his request for an additional adjournment of the sentencing date, failing to move to withdraw his guilty plea, and failing to advise him to file a notice of appeal.

For the reasons set forth below, I respectfully recommend that the petition be dismissed in its entirety.

## II.   DISCUSSION

### A.   Court's Jurisdiction: The "In Custody" Requirement

United States district courts have jurisdiction, under the federal habeas statute, to "entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). The Supreme Court has interpreted the 'in custody' statutory language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." See Maleng, 490 U.S. at 490-91(citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

Here, Escalante was released from incarceration concerning all of the sentences herein on December 24, 2012.[2] He was, however, incarcerated on August 20, 2010 when he filed this habeas petition. Therefore, he fulfilled the "in custody" requirement of 28 U.S.C. § 2254 at the time of the filing of the petition herein. See Maleng, 490 U.S. at 490-91. Moreover, he remains under a term of post-release supervision according to the New York State Department of Corrections and Community Supervision's website. The Second Circuit has held that for the purposes of a habeas petition brought under 28 U.S.C. § 2254, "[p]ost-release supervision, admitting of the possibility of revocation, and additional jail time, is considered to be 'custody'." See Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006) (citing Jones v. Cunningham, 371 U.S. 236, 240-43 (1963) (holding that parole satisfies the "in custody" requirement of habeas petitions; "the custody and control of the Parole Board involves significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally")). Therefore, this Court has jurisdiction to review Escalante's petition despite his release from incarceration.

B. Mootness

The subject matter of the federal courts is limited, under Article III, Section 2 of the United States Constitution, to cases that present a "case or controversy." See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. This

---

[2] See New York State Department of Corrections and Community Supervision, inmate information, for petitioner, Department Identification Number 07 A5601, at http://nysdoccslookup.doccs.ny.gov. Petitioner has not provided the Court with his updated contact information since his release from incarceration. Thus, the Court does not have a current address to send this Report and Recommendation.

9

case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate...."); accord, e.g., United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) ("A case becomes moot when it no longer satisfies the "case-or-controversy" requirement of Article III, Section 2 of the Constitution."). Thus, where "the issues presented" by a party in an action "are no longer 'live'[,] or the part[y] lack[s] a legally cognizable interest in the outcome," the federal action is properly dismissed as moot. City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000). "[T]o satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury, which is likely to be redressed by a favorable judicial decision." Mercurris, 192 F.3d at 293 (citing Spencer, 523 U.S. at 7). "[I]f an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] ... must dismiss the case." United States v. Blackburn, 461 F.3d 259, 261 (2d Cir. 2006), cert. denied, Blackburn v. United States, 550 U.S. 969 (2007) (quotation and citations omitted).

In Spencer, the Supreme Court stated that "[a] criminal case does not necessarily become moot when the convict finishes serving the sentence... the case will remain a live case or controversy if there exists 'some concrete and continuing injury' or 'collateral consequence' resulting from the conviction." Spencer, 523 U.S. at 7. Instead, "[a] habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment 'only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.'" Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (quoting Sibron, 392 U.S. at 57).

Here, Escalante's release from incarceration while this petition is pending presents a mootness issue. In his petition, he seeks specific performance of the trial court's promise to impose a sentence concurrent to those imposed by the New York County and Bronx County courts. Because petitioner is now challenging the duration of an already-served prison sentence, the question becomes whether this Court is capable of granting him any effective relief. See Lane v. Williams, 455 U.S. 624, 631-33 (1982). I note that Escalante has raised other claims such as his guilty plea was not knowingly, intelligently, and voluntarily entered because the court failed to advise him that it would not adjourn the sentencing in order to fulfill the promise; the court failed to meet its duty under the Due Process Clauses of the New York State and Federal Constitutions, along with ineffective assistance of his counsels by failing to anticipate that the trial court would deny his request for an additional adjournment of the sentencing date, failing to move to withdraw his guilty plea, and failing to advise him to file a notice of appeal. However, the actual relief requested by petitioner was specific performance – namely, to have the trial court impose the originally promised concurrent sentences. Moreover, prior to sentencing, petitioner informed the trial judge that he pled guilty because of the promise by the Court to sentence him to a term concurrent to the sentences in New York and Bronx Counties and that he wanted the promise of concurrent sentence. Exh. 3 at 4-5. Thus, Escalante clearly seeks specific performance of the trial court's concurrent sentence promise rather than reversal of the conviction itself. As Escalante has been released from incarceration, the Court would be unable to grant Escalante the relief that he seeks. Thus, his petition should be dismissed as moot. See Lane, 455 U.S. at 630-31.

## III. CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend, that petitioner Juan Rivera Escalante's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 presents no live case or controversy to be resolved by the Court, and should therefore be dismissed as moot.[2]

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

---

[2] Copies of unreported opinions available only on electronic databases are attached hereto. Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

Dated: __May 16__, 2013
White Plains, New York

Respectfully Submitted,

*[signature]*

GEORGE A. YANTHIS, U.S.M.J.