UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN RIVERA ESCALANTE,

                              Petitioner,

        v.

WILLIAM CONNOLLY, Superintendent Fishkill
Correctional Facility,

                              Respondent.

Case No. 10-CV-6288 (KMK)(GAY)

ORDER ADOPTING REPORT AND
RECOMMENDATION

KENNETH M. KARAS, District Judge:

On July 9, 2010, Juan Rivera Escalante ("Petitioner"), proceeding *pro se*, filed a Petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Petitioner

challenges his conviction following his guilty plea of Criminal Possession of a Controlled

Substance in the Third Degree in violation of N.Y. Penal Law § 220.16. On October 3, 2007,

Westchester County Court sentenced Petitioner to six years of imprisonment, followed by two

years of post-release supervision. The Court referred this Petition to Magistrate Judge George A.

Yanthis pursuant to 28 U.S.C. § 636(b), (Dkt. No. 2), and on May 16, 2013, Magistrate Judge

Yanthis issued a Report and Recommendation ("R&R"), concluding that the Court should dismiss

the Petition in its entirety as moot, (Dkt. No. 14). For the reasons stated herein, the Court adopts

the R&R with respect to its conclusion and dismisses the Petition.

## I. Background

### A. Factual Background

The Court summarizes the factual background below as drawn from the records before the

trial court. On June 20, 2007, Petitioner pled guilty in Westchester County Court (Cacace, J.) to

Criminal Possession of a Controlled Substance in the Third Degree for knowingly and unlawfully

possessing heroin in the Town of Greenburgh.  (Resp't's Ex. 2 ("Plea Tr.") 36-37, 17-18.)  At the time of the plea, Petitioner had two other criminal matters awaiting sentencing in New York County Court and Bronx County Court.  (*Id.* at 8-9; R&R 2.)  Before taking Petitioner's plea, the Westchester County Court told Petitioner:  "The sentence will be six years in State[] prison, [and a] period of Post Release Supervision of two years . . . .  The sentence will run concurrently with New York County and the Bronx sentence[s]."  (*Id.* at 28-29.)

On August 15, 2007, Petitioner appeared for sentencing, but the Westchester County Court adjourned the sentencing at Petitioner's request, because Petitioner had not yet been sentenced in the Bronx and New York County cases.  (Resp't's Ex. 3 ("Sentencing Tr.") 2-3; *see also* Resp't's Ex. 12 (describing procedural history).)  On October 3, 2007, Petitioner again appeared for sentencing and requested another adjournment in light of the fact that he still had not been sentenced in the other cases.  (Sentencing Tr. 2-3.)  Counsel for Petitioner informed the court that "[t]he District Attorney in the Bronx matter has agreed to a concurrent sentence with this case.  The problem that has arisen is the Manhattan case where there had been a plea agreement, and obviously, there has been a violation of the agreement based on subsequent arrests . . . ."  (*Id.*)  Counsel requested that "[the court] continue [its] promise of a concurrent sentence," and that Petitioner's sentence in Westchester County Court be adjourned indefinitely until after the sentence in Manhattan.  (*Id.* at 3.)  The court denied this request, explaining that "[i]f the deal in New York City went awry because your client violated the terms, that's your client's fault."  (*Id.*)  Additionally, the court stated that "it was the [c]ourt's intention to sentence [Petitioner] concurrently to New York City and the Bronx.  However, if he hasn't been sentenced in those jurisdictions, [the court] can't do that."  (*Id.* at 4.)  The court proceeded to sentence Petitioner to a term of six years imprisonment followed by two years of post-release supervision.

2

(*Id.* at 6.) Defense counsel then verbally advised Petitioner that he had thirty days to file a notice of appeal, and stated that he was providing Petitioner with written notice of his right to appeal. (*Id.* at 7.) The Court Clerk also verbally informed Petitioner of his right to appeal and the time requirements for doing so. (*Id.*)

Subsequently, according to Respondent and undisputed by Petitioner, a judge in the Bronx County Court sentenced Petitioner to a term of one to three years to be served concurrently with the Westchester County Court sentence. (Resp't's Aff. 6.) A judge in the New York County Court sentenced Petitioner to a term of five to fifteen years to be served consecutively to the Westchester County Court sentence. (Resp't's Aff. 6-7.)

B. Procedural Background

On February 1, 2008, Petitioner moved to vacate and/or modify the Westchester County Court sentence pursuant to N.Y. Criminal Procedure Law § 440.20, arguing that because the New York and Bronx County sentences had been imposed, Petitioner should be re-sentenced to a concurrent term with the sentences in New York County and Bronx County. (Resp't's Ex. 4 ("§ 440.20 Motion").) On March 28, 2008, the Westchester County Court denied Petitioner's motion. (Resp't's Ex. 6 ("Mar. 28, 2008 Order") 2.) On April 25, 2008, Petitioner filed an application with the Second Department for leave to appeal, (Resp't's Ex. 7), which was denied on June 25, 2008, (Resp't's Ex. 9 ("June 25, 2008 Order")).

On June 17, 2008, Petitioner moved again to vacate the judgment pursuant to N.Y. Criminal Procedure Law § 440.10 and for permission to file a late notice of appeal. (Resp't's Ex. 10 ("First § 440.10 Motion").) Petitioner sought to be re-sentenced to a concurrent term, or alternatively, to withdraw his guilty plea and be restored to pre-plea status. (*Id.* at 7.) Petitioner

3

argued that his guilty plea was invalid, that the sentence was "cruel and unusual punishment," and that he received ineffective assistance of counsel. (*Id.* at 8-13.)

On August 5, 2008, Westchester County Court denied this motion, ruling that the motion was based on facts in the record, and therefore, pursuant to N.Y. Criminal Procedure Law § 440.10(2)(c), an appeal should have been filed within thirty days of Petitioner's sentence. (Resp't's Ex. 12 ("Aug. 5, 2008 Order").) *See* N.Y. Crim. Proc. Law § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period . . . ."). The court also denied Petitioner's request for leave to file a late notice of appeal, because pursuant to N.Y. Criminal Procedure Law § 460.30, such a motion must be made to the intermediate appellate court. (Aug. 5, 2008 Order at 2-3.) *See* N.Y. Crim. Proc. Law § 460.30(1) (addressing extensions of time for taking an appeal and providing that such requests be "[u]pon motion to an intermediate appellate court"). On September 25, 2008, Petitioner filed two documents with the Second Department, an application for leave to appeal the denial of the first § 440.10 Motion, (Resp't's Ex. 13), and an application for leave to file a late notice of appeal challenging his conviction, (Resp't's Ex. 16), both of which the Second Department denied on January 15, 2009, (Resp't's Ex. 15), and November 17, 2008 respectively, (Resp't's Ex. 18).

On April 23, 2009, Petitioner filed a second § 440.10 motion to vacate the judgment, arguing that his sentence "violated [his] plea agreement and failed to fulfill the [Court's] sentenc[ing] promise." (Resp't's Ex. 19 ("Second § 440.10 Motion") 1.) Alternatively,

4

Petitioner claimed ineffective assistance of counsel, because his counsel "failed to move the [c]ourt to set aside the plea . . ., failed to file [a] proper Notice of Appeal or Late Notice of Appeal, and failed to inform [Petitioner] of proper theories of Law and [the] consequences of [Petitioner's] plea etc." (*Id.* at 1-2.) On August 12, 2009, the Westchester County Court denied Petitioner's Second § 440.10 Motion, on the same grounds that it denied the First § 440.10 Motion. (Resp't's Ex. 21 ("Aug. 12, 2009 Order") 3.) On September 1, 2009, Petitioner filed an application for leave to appeal this denial, (Resp't's Ex. 22), which the Second Department denied on February 19, 2010, (Resp't's Ex. 24).

On July 9, 2010, Petitioner, proceeding *pro se*, filed the Petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks "either to be resentenced to a concurrent term, as originally negotiated by the prosecutor and promised by the [c]ourt, or to withdraw his guilty plea." (Petition at unnumbered page 3.) Petitioner reiterates the same arguments as in his First CPL § 440.10 motion: (1) Petitioner's guilty plea was unfair, because he was not advised "that [the court] would not honor the promise to impose a concurrent sentence unless he was promptly sentenced in the other two jurisdictions," and because the court "failed to meet its duty under the Due Process clauses . . . by omitting from its plea colloquy a warning that the Standards and Goals of the New York State Unified Court System would make it more difficult for [Petitioner] to obtain the necessary adjournments," (Petition at unnumbered 4); (2) the sentence was "unduly harsh and severe and constituted cruel and unusual punishment," (*id.* at unnumbered 5); and (3) counsel had been constitutionally ineffective, because he did not anticipate that his adjournment request would be denied, did not move to withdraw Petitioner's guilty plea, and did not advise Petitioner to file a notice of appeal, (*id.* at unnumbered page 6).

5

## II. Discussion

### A. Standard of Review

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).[1]  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C)–(F), *see* Fed. R. Civ. P. 6(d).

Where a party submits timely objections to an R&R, the district court reviews de novo the parts of the R&R to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1.  The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y 2008) (quoting Fed. R. Civ. P. 72(b)(2)).

---

[1] Copies of unpublished opinions are attached to this Opinion.

6

Here, Petitioner has not filed objections to the R&R.  However, Petitioner has not

provided the Court with updated contact information since his release from incarceration.[2]  Thus,

Magistrate Judge Yanthis was unable to mail the R&R to Petitioner's current address.  (R&R at 9

n.2.)  Because Petitioner may not have received the R&R and, therefore, may not have had the

opportunity to submit objections, in an abundance of caution, the Court has reviewed the R&R de

novo as though Petitioner had filed objections to its entirety.

B. Procedural Bars

1. Mootness

Magistrate Judge Yanthis recommended that this Court dismiss the Petition as moot,

because Petitioner was released from incarceration while the Petition was pending.  For the

reasons stated below, this Court respectfully declines to adopt that recommendation.

Article III of the United States Constitution limits the jurisdiction of the federal courts to

cases that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This

case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial

and appellate . . . . The parties must continue to have a personal stake in the outcome of the

lawsuit." (alteration in original) (internal quotation marks omitted)).  Thus, a case becomes moot

when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in

---

[2]  The Court notes that the Clerk of the Court provided Petitioner with a "habeas information packet," including change of address postcards, on September 21, 2010.  The Court's Pro Se Manual also reminds all pro se litigants to notify the Court regarding any change in contact information. *See* Dist. Executive Office, S.D.N.Y., *A Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York* 6 (2011), http://www.nysd.uscourts.gov/file/forms/pro-se-litigants-manual ("Please remember that it is your responsibility to ensure that the Court is always able to contact you regarding your case.").

7

the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks omitted)).

The Supreme Court has held that habeas petitions are not necessarily moot when the petitioner is released from prison, if there is "some concrete and continuing injury." *Spencer*, 523 U.S. at 7; *accord Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002) ("The Supreme Court has held that a habeas petition challenging a criminal conviction is not necessarily mooted when the petitioner is released from prison, as collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." (footnote omitted)). The Supreme Court has explained that parole or supervised release can be one such continuing injury, because the restrictions and conditions from such supervised release impinge on a person's liberty, and failure to comply with its terms may result in further imprisonment. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the [state] within the meaning of the habeas corpus statute . . . ."); *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'").

Petitioner was released from incarceration on December 24, 2012, and according to the New York Department of Corrections and Community Supervision, Petitioner is currently serving "supplemental merit parole." *See* N.Y. Dep't of Corr. and Cmty. Supervision, http://nysdoccslookup.doccs.ny.gov/ (Petitioner's Dep't Identification Number: 07-A-5601). Therefore, because Petitioner remains under state supervision, is required to comply with particular conditions of parole, and faces the possibility of additional jail time, Petitioner is

considered in "custody" for purposes of habeas review.[3]  Accordingly, the Court finds that the

Petition is not moot.

### 2. Independent and Adequate State Grounds

"The [independent and adequate state ground] doctrine applies to bar federal habeas

when a state court declined to address a prisoner's federal claims because the prisoner had failed

to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991);

*see also Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995) ("Federal habeas

review is prohibited if a state court rests its judgment on an 'adequate and independent state

ground.'").  Failure to comply with state procedural requirements, including time requirements,

constitutes a valid independent and adequate state ground. *See Clark v. Perez*, 510 F.3d 382, 393

(2d Cir. 2008) (holding that "the state court's application of section 440.10(2)(c) did [] constitute

an adequate state procedural bar to [petitioner's] federal habeas petition," because petitioner

unjustifiably failed to raise the issues in a timely direct appeal); *Sweet v. Bennett*, 353 F.3d 135,

140 (2d Cir. 2003) (holding where a petitioner "waived the [habeas] claim under

§ 440.10(2)(c) . . . [the] claim [was] procedurally defaulted for the purposes of federal habeas

review as well"); *see also Edwards v. Marshall*, 589 F. Supp. 2d. 276, 285 (S.D.N.Y. 2008)

("Where a petitioner fails to comply with state procedural rules, his claim is procedurally

defaulted and is not cognizable on habeas review.").

---

[3] Magistrate Judge Yanthis relies on the fact that the Petitioner requested "specific performance," namely that the Court impose the originally promised concurrent sentences. (R&R 11.)  The Court respectfully disagrees with this interpretation of the Petition, as Petitioner seeks "*either* to be resentenced to a concurrent term . . . *or* to withdraw his guilty plea." (Petition at unnumbered page 3 (emphases added).)  *See also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) ("[S]ubmissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (emphasis omitted) (internal quotation marks omitted)).

In this case, the Westchester County Court rejected the arguments Petitioner now presents in his habeas Petition, (August 5, 2008 Order 2; August 12, 2009 Order 3),[4] because Petitioner had failed to comply with the procedural requirements of N.Y. Criminal Procedure Law § 440.10(2)(c), which requires dismissal where there is an "unjustifiable failure to take or perfect an appeal during the prescribed period," in cases where "sufficient facts appear on the record of the proceedings." N.Y. Crim. Proc. Law § 440.10(2)(c); *see also McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *4 (E.D.N.Y. Sept. 2, 2012) (explaining the N.Y. Crim. Proc. Law § 440.10(2)(c) procedural default rule in the context of habeas claims). Here, Petitioner filed the § 440.20 Motion challenging the sentencing on February 1, 2008, (§ 440.20 Motion), despite being informed at his October 3, 2007 sentencing that he had thirty days to file a notice of appeal. (Sentencing Tr. 7.) Petitioner filed his § 440.10 Motions on June 17, 2008 and April 23, 2009 respectively, (First § 440.10 Motion; Second § 440.10 Motion), again more than thirty days after his sentence. Accordingly, because Petitioner's state court appeals were barred by state procedural law, the Court finds that the federal habeas claims on these same grounds should also be barred pursuant to the independent and adequate state ground doctrine.[5]

---

[4] The Second Department summarily affirmed the Westchester County Court denials. (Resp't's Ex. 15 (denying Petitioner's appeal of the August 5, 2008 order); Resp't's Ex. 24 (denying Petitioner's appeal of the August 12, 2009 order).)

[5] A procedurally defaulted claim may be reviewed notwithstanding the procedural bar if a petitioner demonstrates both cause for the procedural default and prejudice as a result. *See Murray v. Carrier*, 477 U.S. 478, 485-88 (1986); *Gutierrez v. Smith*, 702 F.3d 103,111-12 (2d Cir. 2012) (explaining the cause and prejudice exception to the bar on habeas review of procedurally defaulted claims). Under a separate exception, in an "extraordinary case," a court may review a procedurally defaulted habeas claim in order to avoid a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (noting that this exception is "explicitly tied" to the petitioner's innocence); *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (explaining that in "extremely rare" cases, "a petitioner may use his claim of actual innocence as a 'gateway' or a means of excusing his procedural default, that enables him to obtain review of

C. Analysis of Petitioner's Substantive Claims

Even if the Petition were not undone by the independent and adequate state procedural grounds discussed above, Petitioner's substantive claims fail on the merits.  In order for a court to grant habeas relief, a petitioner must demonstrate both the constitutional merit of the claim *and* that the state court's rejection of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Habeas relief also is available if the state court's decisionmaking "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  As described above, Petitioner makes three arguments in the Petition: (1) Petitioner's guilty plea was unfair, because he was not advised "that [the court] would not honor the promise to impose a concurrent sentence unless he was promptly sentenced in the other two jurisdictions," and because the court "failed to meet its duty under the Due Process clauses . . . by omitting from its plea colloquy a warning that the Standards and Goals of the New York State Unified Court System would make it more difficult for [Petitioner] to obtain the necessary adjournments," (Petition at unnumbered 4); (2) the sentence was "unduly harsh and severe and constituted cruel and unusual punishment," (*id.* at unnumbered 5); and (3) counsel was constitutionally ineffective, because he did not anticipate that Petitioner's adjournment request would be denied, did not move to withdraw Petitioner's guilty plea, and did not advise Petitioner to file a notice of appeal, (*id.* at unnumbered page 6).  The Court addresses each claim in turn.

---

his constitutional challenges to his conviction").  Petitioner has not set forth any argument that these exceptions apply, and the Court does not find them applicable here.

1. Plea

Petitioner claims his plea was not entered "knowingly, intelligently[,] and voluntarily," because he was not advised of circumstances that could prevent the promised concurrent sentence from being fulfilled. (*Id.* at unnumbered pages 3-4.) Specifically, Petitioner asserts that the court failed to advise him that it would not honor the promise of concurrent sentences unless he was "promptly" sentenced in the other jurisdictions, and failed to warn him that the Standards and Goals of the New York Unified Court System would make it difficult to adjourn indefinitely his sentencing to allow the promised sentence. (*Id.*)

The Supreme Court has held that the standard to determine whether a guilty plea is valid is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see also Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) ("It is a settled principle of federal constitutional law that a guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently."). "A plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its 'direct consequences.'" *Wilson*, 413 F.3d at 199 (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)); *see also United States v. U.S. Currency in the Amount of $228,536.00*, 895 F.2d 908, 915 (2d Cir. 1990) ("Certain possible consequences of a guilty plea are 'collateral' rather than direct and need not be explained to the defendant in order to ensure that the plea is voluntary."). Although "[t]he Supreme Court has not defined which consequences of a guilty plea are 'direct,'" the Second Circuit "has joined several of its sister circuits in defining direct consequences as those that have a 'definite, immediate and largely automatic effect on the range of the defendant's punishment,' and designating other consequences as collateral." *Wilson*, 413 F.3d at 199 (internal quotation marks omitted).

12

Following this principle, the Second Circuit has held that "whether a federal sentence runs concurrently or consecutively to a state sentence [i]s an example of a collateral consequence," and thus a district court need not inform a defendant of this consequence prior to a guilty plea. *United States v. Parkins*, 25 F.3d 114, 119 (2d. Cir. 1994) (explaining that a consecutive sentence was not a "direct" consequence, because although it may "in effect lengthen [the defendant's] time in jail, it does not lengthen the *federal* sentence, or directly affect it in any other way," and "expressly h[olding] that the sentencing court need not advise defendants as to whether a federal sentence will run consecutively to, rather than concurrently with, a state sentence" (emphasis in original)); *U.S. Currency in the Amount of $228,536.00*, 895 F.2d at 915 ("[W]hether a federal sentence runs concurrently or consecutively to a state sentence is not a direct consequence of a guilty plea, and therefore, need not be explained to a defendant for a plea to be constitutionally valid."). In *Wilson*, the Second Circuit extended this reasoning and held that the imposition of a *state* sentence to run consecutively to another *state* sentence is a collateral consequence of a guilty plea, and thus a state court's failure to inform a defendant at the time of his guilty plea that his sentence could run consecutively to an undischarged state sentence "did not unreasonably apply the general principle of Supreme Court law that a plea must be knowing, intelligent[,] and voluntary to be valid." 413 F.3d at 200; *see also Davis v. New York*, No. 10-CV-615, 2013 WL 789194, at *5-6 (E.D.N.Y. March 4, 2013) (holding that because no Supreme Court case "address[es] a defendant's right, if any, to know whether a sentence promised as part of a plea bargain will run concurrent to or consecutive with any undischarged prior sentence," the state court's rejection of petitioner's claim based on these grounds was not an unreasonable application of law such that petitioner merited habeas relief); *cf. United States v. Antonetti*, 362 F. App'x 200,

202 (2d Cir. 2010) (holding that defendant "had no right to be told at the plea hearing that his sentence might run consecutively to his undischarged federal sentence").

Here, Petitioner argues that he was not advised at the time of his guilty plea that the court's "promise" of concurrent sentences would not be fulfilled under certain circumstances, and therefore, that Petitioner's plea was not entered knowingly, voluntarily, and intelligently. However, because the issue of whether a sentence will run consecutively or concurrently is a collateral consequence of a guilty plea, *see Wilson*, 413 F.3d at 200, the state court's failure to advise Petitioner that under particular circumstances, it might not sentence Petitioner concurrently, did not render the guilty plea invalid, *see Davis*, 2013 WL 789194 at *5-6 (denying habeas where petitioner claimed that he was not informed that sentence would run concurrent to another sentence). Therefore, the Court denies Plaintiff's first claim for habeas relief.

2. Sentence

Petitioner next asserts that his sentence is cruel and unusual punishment, because it did not run concurrently as promised. (Petition at unnumbered page 4.) "[C]learly established Federal law" holds that only "extreme" sentences which are "grossly disproportionate" to the crime violate the Eighth Amendment and constitute cruel and unusual punishment. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Applying this standard, the Second Circuit has held that for the purpose of habeas review, "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also Gonzalez v. Travis*, 172 F. Supp. 2d 448, 457 (S.D.N.Y. 2001) ("It is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief." (internal quotation marks omitted)).

In this case, Petitioner himself admits that his sentence is within the range prescribed by state law. (Petition at unnumbered pages 4-5.) *See* N.Y. Penal Law § 220.16 ("Criminal possession of a controlled substance in the third degree is a class B felony."); *id.* § 70.70(2)(a)(i) (providing that, "for a class B felony, the term shall be at least one year and shall not exceed nine years"). Therefore, there are no grounds for federal habeas relief, and the Court denies Petitioner's second claim for relief. *See White*, 969 F.2d at 1384 (denying habeas Eighth Amendment claim where sentence was within the statutory range provided by state law).

### 3.  Ineffective Assistance of Counsel

Petitioner's third and final argument is that he received ineffective assistance of counsel, because his attorneys "[did] not anticipat[e] that [t]he court would refuse to grant the adjournment that was necessary to fulfill the sentence promise, [did] not mov[e] to withdraw the plea when it became clear that the [c]ourt would not impose a concurrent sentence, and [did] not advis[e] [petitioner] to file a notice of appeal." (Petition at unnumbered page 6.)

In order to succeed on a claim for ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient, [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense, [which] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

It should be noted at the outset that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of

15

reasonableness." *Strickland*, 466 U.S. at 688. There is a "wide range" of conduct that falls

within the standard of reasonableness, and courts follow a "strong presumption" that counsel's

performance was within this range. *Id.* at 689. To establish prejudice, the petitioner must show

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* at 694. Moreover, because this is a § 2254(d) petition,

"[e]stablishing that a state court's application of *Strickland* was unreasonable . . . is all the more

difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and

when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788

(2011) (internal citations omitted). Accordingly, "when § 2254(d) applies, the question is not

whether counsel's actions were reasonable. The question is whether there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner first argues that his attorney's failure to anticipate that the trial court "would

refuse to grant the adjournment that was necessary to fulfill the sentence promise" was ineffective

assistance of counsel. (Petition at unnumbered page 6.) However, no attorney is expected to

predict all possible rulings in a case. *See United States v. Sweeney*, 878 F.2d 68, 69-70 (2d. Cir.

1989) (holding that an attorney's erroneous sentencing guideline prediction to defendant did not

constitute ineffective assistance of counsel); *Pena v. United States*, No. 04-CV-9700, 2005 WL

1176073, at *6 (S.D.N.Y May 18, 2005) (holding that counsel's failure to anticipate a change in

law was not ineffective assistance); *Sheedy v. United States*, No. 96-CV-1289, 1997 WL 394664,

at *8 (N.D.N.Y. July 8, 1997) ("A petitioner's claim that his plea was involuntary due to the

erroneous advice or unrealized promises of his counsel afford an all [too] easy avenue for the

invalidating of conviction on pleas of guilty." (internal quotation marks omitted)). Such an

16

expectation is especially unreasonable in the context of an adjournment request, which is a matter

within the state court's discretion. *See People v. McIntyre*, 846 N.Y.S.2d 707, 707 (App. Div.

2007) ("The adjournment of sentencing is a matter left to the discretion of the trial court.")

(collecting cases); *People v. Schnackenberg*, 704 N.Y.S.2d 161, 163 (App. Div. 2000) ("With

regard to the denial of defendant's request for an adjournment of sentencing, adjournment is a

matter left to the sound discretion of the trial court.").

      Petitioner next claims that his attorney failed to "mov[e] to withdraw the plea when it

became clear that the [c]ourt would not impose a concurrent sentence." (Petition at unnumbered

page 6.)  At the outset, the Court notes that "the accused has the ultimate authority to make

certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury,

testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Accordingly, it was Petitioner's decision to plead guilty, and it follows that the guilty plea was his

to withdraw.  To the extent that Petitioner takes issue with counsel's decision not to advise

Petitioner to withdraw his guilty plea, this is a strategic decision, and the "'performance inquiry

must be whether counsel's assistance was reasonable considering all the circumstances,'" *Purdy*

*v. United States*, 208 F.3d 41, 48 (2d Cir. 2000) (quoting *Strickland,* 466 U.S. at 688).

Reasonable "strategic choices made after thorough investigation of law and facts relevant to

plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690; *see also Greiner v.*

*Wells*, 417 F.3d 305, 319 (2d Cir. 2005) ("We will not normally fault counsel for foregoing a

potentially fruitful course of conduct if that choice also entails a significant potential downside."

(internal quotation marks omitted)); *cf. DeLuca v. Lord,* 77 F.3d 578, 588 n.3 (2d Cir. 1996) ("A

lawyer's decision not to pursue a defense does not constitute deficient performance if, as is

typically the case, the lawyer has a reasonable justification for the decision.").  In light of all the

circumstances, including the lenient plea agreement at issue, counsel's decision not to advise

Petitioner to withdraw the guilty plea is within the "wide range" of effective assistance

permissible pursuant to *Strickland*.[6]

Further, the Court considers these two complaints about counsel's representation in the

context of the entire sentencing hearing: The record demonstrates that counsel consistently

advocated on Petitioner's behalf. Indeed, counsel effectively secured Petitioner a six-week

adjournment to provide time to allow him to qualify for concurrent sentences. (Sentencing Tr. 3.)

Counsel successfully negotiated an agreement with Bronx County to sentence him concurrently.

(*Id.* at 2.) Petitioner has in no way demonstrated that the New York County court's refusal to

impose a concurrent sentence in light of Petitioner's violation of his plea agreement was the result

of counsel's deficient performance. (*Id.* at 2-3.)

Finally, Petitioner claims that counsel was ineffective because his attorney "[did] not

advis[e] [him] to file a notice of appeal notwithstanding the waiver of appellate rights." (Petition

at unnumbered page 6). This claim is contradicted by the record. After Petitioner was sentenced,

his counsel stated: "Judge, I am also advising [Petitioner], he has thirty days within which to file

a Notice of Appeal with the Appellate Division, Second Department. *He is being given a written*

---

[6] Petitioner's plea agreement provided that he would be sentenced to a term of six years, followed by two years of post release supervision. (Plea Tr. 28-29.) Regardless of whether this sentence ran consecutively or concurrently with the New York and Bronx County sentences, the Court notes that it is significantly less than nine years, the maximum authorized term for criminal possession of a controlled substance in the third degree, a Class B felony, *see* N.Y. Penal Law § 220.16; *id.* § 70.70(2)(a)(i), and far less sentencing exposure than the twenty years authorized for criminal possession of a controlled substance in the first degree, a Class A1 felony, which Respondent represents to be the crime charged in the original felony complaint. (Resp.'t's Mem. of Law 2; Resp.'t's Aff. 3.) *See* N.Y. Penal Law § 220.21 (providing that criminal possession of a controlled substance in the first degree is a Class A1 felony offense); *id.* § 70.71(2)(b)(i) (authorizing a term of between eight and twenty years for Class A1 felony offenses).

*notice of his formal right to appeal.*" (Sentencing Tr. 7 (emphasis added).) Subsequently, the

Court Clerk also advised Petitioner on the record of his right to appeal. (*Id.*) Therefore, there is

no doubt that counsel informed Petitioner of his right to appeal and the time limit for doing so.

To the extent that Petitioner is alleging that counsel advised him not to file an appeal, Petitioner

has made no showing that he specifically requested an appeal, and in any event, the advice not to

appeal likely was the result of counsel's opinion that any appeal lacked merit, an opinion that

falls within the "wide range" of effective assistance under *Strickland. See Sarroca v. United

States*, 250 F.3d 785, 787-88 (2d Cir. 2001) (rejecting ineffective assistance of counsel claim for

failure to file an appeal where petitioner did not argue that "he made any indication to counsel

that he was interested in appealing," "nothing in the record indicates that [petitioner] requested or

authorized his attorney to file a notice of appeal," a guilty plea and sentence within the statutory

range were "factor[s] indicating that [petitioner] sought an end to the judicial proceedings," and

"the record does not give . . . reason to think that a rational defendant would want to appeal,

because [petitioner] did not raise any nonfrivolous arguments in his appeal" (internal quotation

marks omitted)); *Scott v. United States*, No. 07-CV-4039, 2011 WL 115087, at *5 (E.D.N.Y. Jan.

13, 2011) (rejecting ineffective assistance claim where "[petitioner] has not alleged that he told

his attorney that he was interested in appealing his sentence and nothing in the record suggests

that [petitioner] requested or authorized his attorney to file a notice of appeal," and "the record

does not provide any reason to think that a rational defendant in [petitioner's] position would

have wanted to appeal because nothing in the record suggests any non-frivolous ground on which

[petitioner] might have based an appeal"); *see also Fernandez v. United States*, 146 F.3d 148, 149

(2d Cir. 1998) ("[C]ounsel is ineffective only when ignoring a defendant's explicit direction to

file an appeal."); *Lindemann v. United States*, No. 99-CV-5041, 2005 WL 1498287, at *2

19

(E.D.N.Y. June 8, 2005) (denying ineffective assistance of counsel claim where putative appeal would have lacked meritorious arguments).  Therefore, after considering each of Petitioner's specific allegations, this Court finds them insufficient to demonstrate ineffective assistance of counsel, and denies Plaintiff's third claim.

### III. Conclusion

For the reasons stated above, the Court finds that the Petitioner's claims do not warrant habeas relief.

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated May 16, 2013, is ADOPTED to the extent it is consistent with this Order.  It is further

ORDERED that Respondent's Motion to Dismiss the Petition for a writ of habeas corpus is GRANTED.  It is further

ORDERED that the Petition is dismissed with prejudice.  It is further

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.


SO ORDERED.

Dated:      August 16, 2013
            White Plains, New York

                                        _____
                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

Service List (by Mail):

Juan Rivera Escalante
# 07-A-5601
Fishkill Correctional Facility
Box 1245
Beacon, NY 12508

John James Sergi, Esq.
Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10552

Copy To:

Hon. George A. Yanthis
United States Magistrate Judge